## Case No. 4,419.

### ELMORE v. The ALIDA.

[13 Leg. Int. 369.][1]

District Court, S. D. New York. 1856.

[1] [Reprinted by permission.]

Before BETTS, District Judge.

BY THE COURT. The action is by the assignee of a provision dealer or ship chandler, for a bill of supplies furnished the steamer. The purchases were made Sept. 3, 4, 8, 11, 13, 14, 17 and 19. No term of credit was stipulated, but the usual practice between the parties was to pay these bills monthly.

2. The boat was a domestic passenger vessel, running up and down the Hudson river daily, except Sunday, between New York and Kingston.

3. The libelant, on the 22d of September, filed his specification of lien, charging purchases by the boat at the dates above mentioned, and setting forth the prices and amounts, and on the 29th filed his libel in this cause to recover the entire amount.

4. On the hearing he claims the right to recover the whole sum of the bill of the items, and the claimants deny his lien at most for any purchases anterior to the 12th of September.

5. The libelant objects to the admissibility of the latter point of defense because not formally pleaded.

Held, 1. The existing lien law (Acts March 29, 1855, Laws 78th Sess, c. 10, p. 174) is a re-enactment, with amendments, of the act of 1850 (1 Rev. St. 505, §§ 1, 2).

2. The lien enacted by the act is fully determined and gone in all cases after sixty days after the vessel subject to it returns to the port where the debt was contracted; but, in reality, that prospective or permissive continuance of the lien is in this case fruitless, and never comes into action, because the debt being subsisting when the boat left port, is strictly declared by the statute to cease immediately thereupon, unless lien specifications are filed within ten days after such departure.

3. The filing of the lien specifications is thus made the operative and only means of giving life to the lien; previous to that act of the creditor the privilege is merely inchoate and permissive. The chronological order of the provisions is inverted in language, but the condition of filing the specifications is made the first affirmative act of the creditor, and the one vital to the prosecution of the lien.

4. The construction and effect of the amended act in respect to the lien (6 Hill, 496) is the same as that of the original act. All credits which have run more than ten days subsequent to the return of the vessel to the port where the debt was contracted are excluded from a privilege against the vessel when the lien specification is not filed within that period. This provision is the exact equivalent in effect of the original statute.

5. Accordingly, each credit for supplies is separately the debt contracted, and to that

the limitation of time is applied by this court and the state courts. Veltman v. Thompson, 3 Comst. [3 N. Y.] 438; 6 Hill, 494.

6. A mortgagee in possession is a competent party to intervene and contest the validity of the libelant's lien.

7. The restriction of the sixty days to the duration of the lien has no relation to this case. The action was brought within thirty days after first credit. But no recovery can be had thereon for any charges which had stood over ten days.

It is agreed between the parties that this order will embrace the sum of $161.29, and it is therefore directed that a decree be entered for that sum with costs.